Curia,
per Sutherland, J.
The principal question in the case is, whether a .Sheriff’s deed, executed after issue joined in the cause, the sale having been made before the commencement of the suit, can be given in evidence by the defendant under the general issue, or should be pleaded puis darrein continuance.
The declaration'was returnable May term, 1823. The consent rule bore date the 28th of May, and issue was joined the 4</i of Jane in the same year. The Sheriff’s sale of the premises in question was made on the 2d of October, 1818, but the deeds which were offered in evidence, and which were made in pursuance of that sale, were dated the 12th of' August, 1823.
That the general rule, requiring matter of defence which has arisen after issue joined, to be pleaded puis darrein continuance, is applicable to this as well as other actions, is abimdanily settled in this Court. (Jackson, ex dem. Colden. v. Rich, 7 John. 194. Jackson v. Demont, 9 John. 60. per Kent, Ch. J. Jackson v. M’Connell, 11 John. 424. Jackson v. Bell, 19 John. 168.)
But it is contended on the part of the defendant that the deeds relate back to the day of sale by the Sheriff; and in judgment of law are considered as having been then given. The lessors of the plaintiff derived their title under the will of Alexander M’Michael■; and the Sheriff’s sale was under judgments obtained against M’Michael in his lifetime. When the defendant entered into possession does not appear ; but it is to be presumed that he entered under the title acquired by him at the Sheriff’s sale. The lessors of the plaintiff stand in the same relation to the defendant that Alexander M’Michael would, had he been living and made a lessor, This, the efore, is a case to which the doctrine of relation is peculiarly applicable, ¡here being no strangers or (bird persons, whose interest can be affected by iff That doc *80 trine is this : Where there are divers acts concurrent to make a conveyance, estate or other thing, the original act shall be preferred ; and to this the other act shall have relation (Vin. Ab. Tit. Relation, 290, Harper v. The Bailiffs of Derby) This principle has been repeatedly recognized. In Jackson, ex dem. Loan Officers of Rensselaer, v. Bull, (1 John. Cas. 81,) it was held “ that a deed executed in pursuance of a previous contract for the same premises, is good by relation, from the time of makipg the contract, so as to render valid every intermediate sale or disposition of the land by the grantees. (Jackson v. Raymond, id. 85, note. Case v. De Goes, 3 Caines’ Rep. 262, per Thompson, J. Jackson v. Bard, 4 John. 234.) In Heath v. Ross, (12 John. 140) a patent for land, dated the 4th of December, but which did not pass the great seal until the 28th, was held to relate back as between the parties, so as to vest the title in the patentee from the date.Jackson, ex dem. Noah, v. Dickenson & Thompson, (15 John. 309) was the case of a Sheriff’s sale made on the 1st of March, and the deed not delivered until the 9th. On the 10th of the same month, a mortgagee of the same land filed a bill of foreclosure, without making the purchaser at the Sheriff’s sale a party. It was held that the deed related back to the time of the sale ; that the purchaser’s title was acquired previous to the filing of the bill, and he was not precluded from contesting the validity of the mortgage in an action of ejectment. The Court say the subsequent delivery of the deed, being mere matter of form, must have relation lack to the time of purchase at the Sheriff’s sale.” (Johnson v. Stagg, 2 John. Rep. 520,per Kent, Ch. J. S. P.)
But the lapse of time between the sale a'nd the giving of the deeds is objected to their validity, or, at all events, to their relation back to the time of.sale; and the observations of Chancellor Lansing in Catlin v Jackson in error, (8 John. Rep. 552-3)'are supposed to countenance the objection.
But in that case, the purchaser at the Sheriff’s sale had never paid his bid; and the deed was delivered to a third person as an escrow to take effect, when the consideration money should be paid, without any time being limited for the purpose. The remarks of the Chancellor are applicable to that; *81 state of facts. But in this case the consideration money was paid by the purchaser. He had done every thing to entitle him to a deed. The money must be presumed to have been paid over by the Sheriff to the plaintiff in the execution, in satisfaction of the d.ebt, and, of course, for the benefit of the estate of A. M* Michael, whom the lessors of the plaintiff represent. The essential and important part of the Sheriíí’s duty had then been performed; and nothing remained to be done but ¿he formal act of delivering the deed—the purchaser having been in possession, as we have right to presume, from the day of the sale, The lapse of time, under such circumstances, and between these parties, can afford no objection either to the validity of the deed or to its relation back to the time of the sale.
But admitting that by relation it is to be considered as having been given at the time of the sale, does that dispense with the necessity of pleading the fact of delivery, according to its truth, puis darrein continuance ? I am of opinion that it does. The defence relied on was the title acquired under the Sheriff’s sale. When did that title vest in the defendant ? is the point of enquiry, If before the commencement of the suit, it was available under the general issue. If after issue joined, it should have been pleaded puis darrien continuance ; and the date or time of delivery of one of the evidences of the title, is perfectly immaterial, The legal effect and operation of such delivery is the matter of defence, and not the instrument itself. The legal effect of the delivery, then, in this case, having been to vest the title in the defendant by relation, as of the 2d October, 1818, the matter of defence did not arise subsequent to the joining of the issue, and need not be pleaded puis darrien continuance. I am of opinion, therefore, that the Judge erred in rejecting the Sheriff’s deeds on that ground $ and that a new trial must be granted.
New trial granted,